UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTWANE WALKER, | ) |
| | ) |
|       Petitioner, | ) |
| | ) CIVIL NO. 3:12cv825 |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|       Respondent. | ) |

OPINION AND ORDER

Antwane Walker, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and twenty year sentence by the Marion Superior Court under cause number 49G02-0812-FA-288159. However, all habeas corpus petitions challenging a state court conviction are subject to a one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Question 16 on the habeas corpus form includes the full text of § 2244(d) and asks the petitioner to explain why the petition is timely. Nothing in his response to that question, nor anything else in these filings, indicate that the state prevented Mr. Walker from filing a habeas

petition sooner, that his claims are based on a newly recognized Constitutional right, or that his claims are based on newly discovered evidence. Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), the 1-year period of limitation began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .."

In this case, Mr. Walker took a direct appeal to the Court of Appeals of Indiana which affirmed his convictions on September 17, 2009. He did not file a petition to transfer to the Indiana Supreme Court and the time for doing so expired on October 19, 2009. *See* Indiana Rules of Appellate Procedure 57.C. (a notice of appeal must be filed within 30 days) and Indiana Rules of Appellate Procedure 25.B. (when the last day is a Saturday, the deadline expires the following Monday). Thus, on October 20, 2009, the 1-year period of limitation began. *See Gonzalez v. Thaler*, 565 U.S. __, __; 132 S. Ct. 641, 654; 181 L. Ed. 2d 619, 636 (2012) ("[B]ecause [the petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). A year later, on October 20, 2010, the time for filing a habeas corpus petition expired. Though it is true that a pending post-conviction relief petition tolls the 1-year period of limitation, because the allowable time for filing a habeas corpus petition had already expired by the time that Mr. Walker filed his post-conviction relief petition on October 29, 2010, it was too late for it to have any effect on the timeliness of this habeas corpus petition. Mr. Walker did not sign this habeas corpus petition until December 7, 2012, more than two years after the expiration of the time for filing a habeas corpus petition. Therefore this petition is untimely and must be dismissed.

Though untimeliness can be excused by equitable tolling, Mr. Walker has presented nothing to indicate that equitable tolling could be properly applied in this case. Equitable tolling is a

common law doctrine that may be applied to excuse an untimely filing if the petitioner can establish that he pursued his rights diligently but was unable to file on time due to some extraordinary circumstance that stood in his way. *Holland v. Florida*, 560 US ___, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010). However, equitable tolling is rarely granted, and it is reserved for truly extraordinary cases. *Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010). Here, it is clear that Mr. Walker was not prevented from filing sooner because on October 29, 2010, he filed a post-conviction relief petition with the Marion Superior Court. It is likely that he did not understand the deadline requirements, but a prisoner's lack of knowledge of the law is are not the type of extraordinary circumstances that warrants equitable tolling. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) (prisoner's limited legal resources and lack of knowledge of the law did not constitute extraordinary circumstances warranting equitable tolling); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (lack of knowledge of the law was not ground for equitable tolling). Neither is a miscalculation of the deadline nor waiting until the last minute to file. *Griffith v. Rednour*, 614 F.3d 328, 331 (7th Cir. 2010) ("[T]his kind of negligence is not 'extraordinary' by any means. Such a blunder does not extend the time for filing a collateral attack.").

Deadlines exist for a reason and no matter where a deadline is set, there will be those who miss it by even a single day.

> Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests, and limitation periods work both ways – you can be sure [the petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes.

*United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (citation omitted). *See also Simms v. Acevedo*, 595 F.3d 774 (7th Cir. 2010). Therefore, because this habeas corpus petition was filed more than two years late, this case will be dismissed because the petition was untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This habeas corpus petition was filed after the expiration of the 1-year period of limitation. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, a certificate of appealability must be denied.

For the foregoing reasons, the court **DISMISSES** this habeas corpus petition as untimely pursuant to Section 2254 Habeas Corpus Rule 4 and **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11.

Entered: January 2, 2013

                                                                   s/William C. Lee
                                                                   William C. Lee, Judge
                                                                   United States District Court